**Opinion issued September 20, 2012.**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————————————

**NOS. 01-11-00679-CR**
**01-11-00680-CR**

———————————————

**JERRY C. HERRON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 23rd District Court**
**Brazoria County, Texas**
**Trial Court Case No. 61,521**

---

**MEMORANDUM OPINION**

Appellant Jerry C. Herron was indicted for continuous sexual abuse of a

young child and aggravated sexual assault. *See* TEX. PENAL CODE ANN. §§ 21.02,

22.021 (West Supp. 2012). Herron pleaded not guilty. A jury found Herron guilty of both charges and assessed punishment at 99 years for the continuous sexual abuse charge and 20 years for the aggravated assault, which the trial court ordered him to serve consecutively.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and therefore the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel discusses the evidence adduced at the trial, supplies us with references to the record, and provides us with citation to legal authorities. Counsel indicates that he has thoroughly reviewed the record and that he is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 154 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

In addition, counsel's brief reflects that he delivered a copy of the brief to appellant and informed him of his right to examine the appellate record and to file

a response.  *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008).

Appellant has not filed a pro se response.

We have independently reviewed the entire record, and we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that therefore the appeal is frivolous.  *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (explaining that frivolity is determined by considering whether there are "arguable grounds" for review); *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether the appeal is wholly frivolous); *Mitchell*, 193 S.W.3d at 155.  An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Court of Criminal Appeals.  *See Bledsoe*, 178 S.W.3d 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[1]  Attorney Perry Stevens must immediately send the notice required by Texas Rule of Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk of this Court.  *See* TEX. R. APP. P. 6.5(c).  We dismiss all pending motions as moot.

---

[1]  Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals.  *See Ex parte Owens*, 206 S.W.3d 670, 674 (Tex. Crim. App. 2006).

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).